IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Crim. No. 5:19cr00018 |
| v. | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| CASEY JAMES HARVEY, | ) | |
| Defendant. | ) | By:   Joel C. Hoppe |
| | ) | United States Magistrate Judge |

This case was referred to the undersigned magistrate judge for the purpose of conducting a felony guilty plea hearing. This report and recommendation is submitted to the presiding district judge under 28 U.S.C. § 636(b)(3). The defendant waived his right to indictment and to plead before a United States District Judge and consented to proceed before the undersigned magistrate judge.

On May 30, 2019, the defendant appeared with counsel before the magistrate judge, who personally addressed the defendant and admonished him pursuant to Rule 11(b)(1)(A)–(O) of the Federal Rules of Criminal Procedure. Discussing the district judge's role of determining a sentence, the Court explained to the defendant that the sentencing range under the Sentencing Guidelines, which are advisory, not mandatory, would not be determined until a presentence report is written and a sentencing hearing held, that the district judge had the authority to impose a sentence more or less severe than called for in the guidelines, and that the sentence the defendant receives may be different than any estimate given by his attorney. The Court also admonished the defendant that if the district judge does not accept a recommendation set forth in the plea agreement, the defendant will still be bound by his plea and will have no right to withdraw it. The defendant stated that he understood the Court's admonishments. The attorney for the Government stated the essential terms of the plea agreement, which has been filed with

1

the Court, and the defendant and his counsel agreed that those in fact were the terms of the agreement. The defendant further stated that he had read the plea agreement, had reviewed it with his counsel, and understood it. Accordingly, the undersigned finds that the defendant understands the charge to which he is pleading guilty and that his plea was knowingly made. Fed. R. Crim. P. 11(b)(1).

The Court also addressed the defendant personally as to his competency to plead and the voluntariness of his plea, specifically whether it resulted from force, threats, or promises other than promises made in a plea agreement or in open court. Fed. R. Crim. P. 11(b)(2). Based on this discussion, the undersigned finds the defendant to be sufficiently competent to enter a plea, that he desired to plead guilty, and that his plea was voluntary.

The government presented a statement of facts, which has been filed with the Court, regarding the offenses to which the defendant pleaded guilty. The defendant testified that he read the statement of facts and discussed it with his attorney. He agreed that the statement of facts was accurate and did not contest those facts. He also provided additional information about the offenses in response to the Court's questions. The statement of facts and the defendant's statements present the following:

The defendant conspired with Bryan Estep and others to traffic in methamphetamine. The defendant introduced Estep to individuals who purchased methamphetamine from Estep, and the defendant sold over one pound of methamphetamine himself. With the assistance of others in the conspiracy, Estep obtained large quantities of methamphetamine from a source in Oklahoma. In June 2018, the defendant assisted Estep in obtaining six pounds of methamphetamine from the source. The defendant drove Estep from Oklahoma to the Western District of Virginia, and the

defendant knew that at least a couple pounds of methamphetamine were in the car, although he did not know the precise amount.

On August 21, 2018, in Luray, Virginia, police stopped car in which the defendant was a passenger. A bag at his feet contained methamphetamine, several phones, and cash, and the defendant also had cash in his pocket. The following day near Luray, police stopped Estep's vehicle. They discovered 2.5 kilograms of methamphetamine in the vehicle.

The defendant spoke to law enforcement officers in October 2018. He said that he began using methamphetamine at age 24 and he had numerous sources until he began obtaining a lot of methamphetamine from Estep.

The undersigned finds that these facts provide a sufficient basis for the defendant's guilty plea to the charges of conspiracy to distribute 500 grams or more of a substance containing methamphetamine and possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine. Fed. R. Crim. P. 11(b)(3).

The defendant pleaded guilty to Counts One and Two of the Information, knowingly and intentionally conspiring to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 846 (incorporating 21 U.S.C. § 841(a)(1) and (b)(1)(A), and possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)).

The magistrate judge finds the following:

1. The defendant's guilty plea was taken by the undersigned subject to the acceptance of the plea and sentencing by the assigned district judge and after the defendant consulted with an attorney and executed oral and written waivers;

2. The defendant fully understands the nature of the charges and relevant penalties;

3. The defendant fully understands the terms of the plea agreement;

4. The defendant fully understands his constitutional and statutory rights and wishes to waive those rights;

5. The defendant's guilty plea was freely and voluntarily tendered;

6. The defendant is sufficiently competent to enter a guilty plea; and

7. An adequate factual basis exists to support this plea.

## **RECOMMENDATION**

The magistrate judge RECOMMENDS that the district judge accept the plea of guilty and, after reviewing the pre-sentence investigation report, accept the plea agreement, and enter a final judgment finding the defendant guilty.

## **RELEASE OR DETENTION PENDING SENTENCING**

After entry of the plea, the undersigned conducted proceedings to determine the defendant's custody status pursuant to the standard set forth in 18 U.S.C. § 3143(a). Based on the following, the undersigned finds that clear and convincing evidence does not exist at this time to show that the defendant is not likely to flee or pose a danger to the community if released:

The defendant had his initial appearance on the day of his guilty plea. The defendant is serving an active state sentence and did not seek release.

Because this Report and Recommendation recommends finding, rather than actually finds, the defendant guilty of the controlled substance offense, the mandatory detention provision of § 3143(a)(2), which is based on the nature of the offense, does not apply at this time. The undersigned magistrate judge is not aware of any evidence supporting a finding under § 3143(a)(2)(A).

# NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, Chief United States District Judge.

The Clerk shall send certified copies of this Report and Recommendation to all counsel of record.

        ENTER: May 30, 2019

        */s/ Joel C. Hoppe*

        Joel C. Hoppe
        United States Magistrate Judge